```
                    United States District Court
                      District of Massachusetts
```

_____  )
RFF FAMILY PARTNERSHIP, LP,          )
        Plaintiff,                   )
                                     )
        v.                           )    Civil No.
                                     )    11-10968-NMG
LINK DEVELOPMENT, LLC, JEFFREY       )
KARLL, RUSSELL AND ASSOCIATES,       )
LLC and ROBERT WALLACE, in his       )
capacity as Trustee of BD Lending    )
Trust,                               )
        Defendants.                  )
_____  )

**MEMORANDUM & ORDER**

**GORTON, J.**

This action involves a series of disputes over loan obligations and associated mortgages encumbering 22 acres of commercial land in Saugus, Massachusetts ("the Property").

## I. Facts

Link Development, LLC ("Link"), formed and managed by Jeffrey Karll, a Massachusetts developer, purchased the Property for $1.3 million from Saugus Holding, LLC in 2005. During the following two years, Link granted mortgages secured by the Property to 1) Desert Pine, LLC to secure a $2 million loan ("Desert Pine mortgage"), 2) Desert Palm, LLC to secure a $2 million loan ("Desert Palm mortgage") and 3) BD Lending Trust to secure loans of $600,000 and $100,000 ("BD Lending mortgage").

Apparently, Desert Pine, LLC, Desert Palm, LLC and BD Lending Trust were all owned or controlled by Karll at the time the mortgages were recorded. An instrument purporting to subordinate the Desert Pine and Desert Palm mortgages to the BD Lending mortgage was later filed and recorded with the Essex County Registry of Deeds.

According to Link and Karll, the BD Lending mortgage was fraudulently negotiated by Stuart Sojcher, an attorney previously retained by Link who has since been dismissed by Link and disbarred by the Massachusetts Board of Bar Overseers. Link has since retained the law firm of Russell and Associates, LLC ("Russell") to challenge the validity of the BD Lending mortgage. In late 2006 and early 2007, Russell filed on behalf of Link virtually identical complaints in the Massachusetts Superior Court for Suffolk County ("the Superior Court action") and the Massachusetts Land Court ("the Land Court action"). Both complaints seek to discharge the BD Lending mortgage on the grounds that it was procured by fraud and not supported by consideration (collectively, "the BD Lending litigation"). The actions have since been consolidated.

In October 2007, RFF Family Partnership, LP ("RFF" or "plaintiff"), a private money lender, loaned $1.4 million ("the Subject Loan") to Link, secured by a mortgage on the Property ("RFF mortgage"). In connection with the Subject Loan, the

parties entered into a loan agreement, promissory note, mortgage, security agreement, an assignment of rents and a subordination agreement purporting to subordinate the Desert Palm mortgage to the RFF mortgage (collectively, "the Subject Loan agreements").

In 2008, Link defaulted on the Subject Loan.  Link alleges that the parties entered into an oral forbearance agreement whereby RFF agreed to forbear from collecting interest on the loan and from foreclosing on the Property until Link developed or sold it with the understanding that: 1) Link would share with RFF 10% of the profits from the Property's development and 2) $180,000 of the original loan proceeds placed in escrow would be repaid to RFF.  Purportedly in reliance on that agreement, Link negotiated a land-swap agreement with the owner of an abutting property and constructed a waterline to the Property. RFF acknowledges discussing the possibility of a forbearance agreement with Link but denies that any formal agreement was ever reached.

To further complicate matters, Link has granted Russell an attorneys' lien and has assigned the Desert Palm mortgage to Russell as security for outstanding legal fees incurred in the course of the firm's representation of Link in connection with the BD Lending litigation.  Russell has since filed suit in Massachusetts Land Court against RFF seeking to establish the priority of its liens on the Property ("the Russell action").

In 2009, RFF declared the Subject Loan in default and commenced foreclosure proceedings. RFF purchased the Property at foreclosure and has since agreed to sell it to a third party. In 2011, RFF brought this suit seeking to discharge the mortgages encumbering the Property and to recover the outstanding balance due under the Subject Loan.

## II. Procedural history

RFF brings this suit against Link, Karll, Robert Wallace ("Wallace"), in his capacity as Trustee of BD Lending, and Russell (collectively, "defendants"). The Complaint alleges breach of contract (Counts III and V), misrepresentation (Count IV) and violation of M.G.L. ch. 93A (Count VI) and, in addition, seeks a declaratory judgment that the BD Lending mortgage is void (Count I), specific performance of several contracts (Count II), an injunction (Counts VII and VIII) and indemnity (Count IX).

The Complaint alleges, circuitously, that Link and Karll 1) defaulted on the loan, 2) breached the loan agreements and 3) falsely misrepresented that RFF would have a legally valid and enforceable first lien on the Property. The Complaint also alleges that the BD Lending mortgage is a fraudulent mortgage and should be discharged. RFF has since foreclosed on the Property but seeks to recover a deficiency of approximately $300,000.

On July 14, 2011, Link filed counterclaims against RFF alleging that RFF's foreclosure on the Property constituted a

breach of the purported oral forbearance agreement between the parties. It also counterclaimed for breach of implied covenant of good faith, promissory estoppel, wrongful foreclosure, breach of fiduciary duty, misrepresentation and unfair and deceptive practices in violation of M.G.L. ch. 93A. RFF has moved to dismiss the counterclaims in their entirety.

On July 28, 2011, Russell moved to dismiss Count I of the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that it makes no claims against, and seeks no relief from, Russell. In September 2011, Wallace separately moved to dismiss Count I of the Complaint (voidance of the BD Lending mortgage) on the grounds that 1) RFF lacks standing to bring it and 2) the Court should abstain from adjudicating it. RFF has opposed both motions.

In August 2011, Link moved for a memorandum of <u>lis</u> <u>pendens</u>, pursuant to M.G.L. ch. 184, § 15, i.e., a notice to be recorded in the chain of title to real property warning all persons that such property is the subject matter of litigation and that any interests acquired during the pendency of the suit are subject to its outcome. RFF has opposed the motion and has moved to dismiss the wrongful foreclosure claim associated with it.

### III. **Plaintiff's Motion to Dismiss**

#### A. **Standard**

To survive a motion to dismiss for failure to state a claim

under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must accept as true all factual allegations underlying the claim and draw all reasonable inferences in favor of the non-moving party. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). In considering the merits of a motion to dismiss, the Court may not look beyond the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the Complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).

Post-Twombly and Iqbal, ruling on a motion to dismiss involves two inquiries. First, the Court must assess whether the complaint contains sufficient factual allegations to state a claim for relief and to inform the defendant of the nature of that claim. Second, the Court must evaluate whether the claim is plausible. Assessing plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether the well-pled facts alleged in the complaint are sufficient to "permit the court to infer more than the mere possibility of misconduct."

Iqbal, 129 S.Ct. at 1950.

**B. Application**

RFF moves to dismiss Link's counterclaims in their entirety. According to RFF, the parties never consummated a forbearance agreement and their preliminary oral discussions on the topic are unenforceable under the Statute of Frauds. RFF further contends that 1) any representations it made during those discussions are too indefinite to be actionable, 2) Link's purported reliance is belied by evidence indicating that the contracts underlying the land-swap agreement and the waterline construction were executed in late 2007, more than six months before the parties allegedly entered into the oral forbearance agreement and 3) a breach of a forbearance agreement, without more, cannot support Link's claim for unfair and deceptive acts and practices.

While RFF's version of the events appears to be credible and supported by the limited evidentiary record, the defenses raised in its motion to dismiss turn on disputed issues of fact and extrinsic evidence which the Court may not consider at this early stage of the litigation. The factual allegations underlying the counterclaims, while dubious, are detailed enough to state a claim for relief and are sufficiently plausible to survive a motion to dismiss. Whether or not Link can prove them is a question for another day.

**IV. <u>Defendants' Motions to Dismiss</u>**

Count I of the Complaint, brought against Wallace and Russell, seeks a declaratory judgment that the BD Lending mortgage is void as a result of fraud and lack of consideration.

Wallace, who is sued in his capacity as Trustee of BD Lending, moves to dismiss Count I on the grounds that RFF lacks standing to assert a declaratory judgment claim and thus the Court is without subject-matter jurisdiction to hear it. Alternatively, Wallace contends that the Court should dismiss or stay Count I under the <u>Wilton</u>/<u>Brillhart</u> doctrine whereby federal courts have discretion to abstain from deciding a claim if that claim will likely be resolved in a pending state-court action.

Russell, which was assigned the Desert Palm mortgage and granted an attorneys' lien as security for outstanding legal fees incurred in connection with the BD Lending litigation, separately moves to dismiss Count I as it applies to Russell on the grounds that Russell is not involved in the dispute between RFF, Link and BD Lending with respect to the BD Lending mortgage.

**A. Standing**

Article III, section 2, of the United States Constitution restricts federal court jurisdiction to actual "cases" and "controversies." U.S. Const. art. III, § 2. Standing is a component of the case-or-controversy requirement focusing on

> whether the type of injury alleged is qualitatively sufficient to fulfill the requirements of Article III and

whether the plaintiff has personally suffered that harm. Erwin Chemerinsky, Federal Jurisdiction (5th ed.) § 2.4, at 117 (2007). Article III standing has three core requirements: 1) the plaintiff must have suffered an actual or imminent injury, 2) there must be a causal nexus between the injury and the claimed wrong and 3) it must be likely that the injury will be redressed by a favorable decision. Nat'l Org. for Marriage v. McKee, 649 F.3d 34, 46 (1st Cir. 2011). The burden of proving standing rests on the party seeking to invoke the jurisdiction of the federal court and remains on that party throughout the litigation. Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 104 (1st Cir. 1995).

According to Wallace, RFF lacks standing to contest the validity of the BD Lending mortgage because it was not a party to that agreement. Link and BD Lending, the parties to that mortgage, are currently litigating the issue in state court. The state court denied RFF's motion to intervene in that case and, in Wallace's view, this Court should, in effect, do the same by dismissing Count I.

This Court disagrees. A property owner such as RFF has standing to contest the validity of a mortgage encumbering its property, even if it was not a party to the mortgage agreement, because the encumbrance directly impacts the property's marketability and value. See Bailey v. Way, 165 N.E. 388, 389

(Mass. 1929) (allowing former mortgagee who purchased property at foreclosure to challenge that second mortgage was procured by fraud); LBM Fin., LLC v. Edgewater Inv. Ltd. P'ship, Nos. 01798, 01656, 02286, 2004 WL 2075565, at *3 (Mass. Sup. Ct. Aug. 5, 2004) ("[A] junior attaching creditor who stands to gain surplus proceeds has standing to contest the validity of a senior note and mortgage.").

### B. Wilton/Brillhart abstention

Because it would ordinarily be "uneconomical as well as vexatious" for a federal court to issue a declaratory judgment where a pending state court action involves the same issues between the same parties, the Supreme Court has advised that if the controversy at issue can be better settled in the state court proceeding, the federal court may exercise its discretion to stay or dismiss the case. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942); see also Wilton v. Seven Falls Co., 515 U.S. 277 (1995). Unlike the related Colorado River doctrine, pursuant to which a court may abstain only in "exceptional circumstances," the Wilton/Brillhart doctrine permits the stay or dismissal of a federal declaratory judgment action as long as the necessary parties have been joined in the state court proceeding and the claims of all parties in interest can satisfactorily be adjudicated by that tribunal. Wilton, 515 U.S. at 281-90.

Wilton/Brillhart abstention is not warranted where, as here,

-10-

a party to the declaratory judgment claim in the federal case is not a party to the state court action. Id.; see also Sparta Ins. Co. v. Smith, No. 2:11cv108-WHA-SRW, 2011 WL 2175103, at *4 (M.D. Ala. June 3, 2011) ("The real question is . . . the presence of parties to the state court suit who are involved in the same issue that is presented in the federal declaratory action."). Because RFF is not a party to the state court proceeding and its motion to intervene in that proceeding was denied, the Court will not abstain on Wilton/Brillhart grounds.

C. **Russell's motion to dismiss**

Russell moves to dismiss Count I, pursuant to Fed. R. Civ. P 12(b)(6), on the ground that Count I contains no allegations against, and seeks no relief from, Russell. Russell acknowledges that it has an interest in the Property via the Desert Rose mortgage, which Link assigned to Russell as security for outstanding legal fees, but points out that it is not involved in the dispute between RFF, Link and BD Lending over the BD Lending mortgage. RFF responds by noting that, while Russell has done nothing wrong, it is a necessary party to the declaratory judgment claim by virtue of its interest in the Property. Neither party supports its position by citation to relevant precedent so the Court is left to fill in the blanks.

Generally, "all interested parties should be joined in a declaratory judgment action whenever possible," in keeping with

the purpose of the Declaratory Judgment Act to fully and finally adjudicate the controversy at issue. State Farm Mut. Auto. Ins. v. Mid-Continent Cas. Co., 518 F.2d 292, 296 (10th Cir. 1975). A court should nevertheless hesitate to require a party to remain in a declaratory judgment action if that party is only tangentially involved with the controversy at issue and does not wish to be caught up in the litigation. Potomac Ins. Co. v. Pella Corp., No. 00-40013-DES, 2001 WL 421255, *2-4 (D. Kan. Apr. 20, 2001) (noting that "[i]n any cause of action there will be untold scores of individuals who will have peripheral interest in the action's outcome" and cautioning that "only those parties directly involved with the case's controversy should be joined as defendants").

With those principles in mind, the Court reflects upon Russell's interest in the validity of the BD Lending mortgage and considers the necessity of its presence to resolve the issue fully and finally. At present, RFF is the sole owner of the Property, which is encumbered by the BD Lending mortgage, the Desert Pine mortgage and the Desert Palm mortgage, the last of which has been assigned to Russell. If Russell were truly disinterested in the validity of the BD Lending mortgage, as it suggests, it would not have commenced litigation (the Russell Action) to establish the priority of its liens on the Property. Because Russell's interest in the Property may be directly affected by the Court's resolution of the declaratory judgment

claim, Russell is a proper party to this suit.

**V.    Motion for Memorandum of Lis Pendens**

A memorandum of lis pendens is a notice recorded in the chain of title to real property warning all persons that such property is the subject matter of litigation and that any interest acquired during the pendency of the suit is subject to its outcome. M.G.L. ch. 184, § 15.  A Court shall endorse such a memorandum upon the motion of a party if it finds that "the subject matter of the action constitutes a claim of right to title to real property or the use and occupation thereof or the buildings thereon." Id. § 15(b).  Thus the nature of a claim, not its merits, determines whether a lis pendens shall issue. Sutherland v. Aolean Dev. Corp., 502 N.E.2d 528, 531 (Mass. 1987).

A party on whose property a lis pendens has been recorded may file a special motion to dismiss, which will be allowed if the underlying claim supporting the lis pendens is 1) devoid of any reasonable factual support or arguable basis in law or 2) subject to dismissal based on a valid legal defense. Id. § 15(c).  "It is worth stressing that the motion to dismiss is directed to the claim or action and not the lis pendens itself." Fafard Real Estate & Dev. Corp. v. Metro-Boston Broad., Inc., 345 F. Supp. 2d 147, 152 (D. Mass. 2004).

Because Link's counterclaim of wrongful foreclosure on which it bases its motion for memorandum of lis pendens "constitutes a

-13-

claim of right to title" to the Property, its motion for a memorandum of lis pendens will be allowed.  Furthermore, in accordance with the Court's earlier denial of RFF's motion to dismiss the counterclaims, RFF's special motion to dismiss the wrongful foreclosure claim will likewise be denied.

**ORDER**

In accordance with the foregoing,

1) Plaintiff's motion to dismiss counterclaims (Docket No. 21) is **DENIED;**

2) Motions to dismiss Count I filed by Russell (Docket No. 18) and Wallace (Docket No. 36) are **DENIED;**

3) Motion for memorandum of lis pendens filed by Link (Docket No. 20) is **ALLOWED;** and

4) Plaintiff's special motion to dismiss the wrongful foreclosure claim (Docket No. 29) is **DENIED.**

**So ordered.**

                                                  /s/ Nathaniel M. Gorton
                                                  Nathaniel M. Gorton
                                                  United States District Judge

Dated March 13, 2012