United States District Court
District of Massachusetts

```
_____  )
RFF FAMILY PARTNERSHIP, LP,       )
          Plaintiff,              )
                                  )
          v.                      )    Civil No.
                                  )    11-10968-NMG
LINK DEVELOPMENT, LLC and         )
JEFFREY KARLL,                    )
          Defendants.             )
_____  )
```

MEMORANDUM & ORDER

GORTON, J.

This action involves a series of disputes over loan obligations and the associated mortgages encumbering 22 acres of commercial land in Saugus, Massachusetts ("the Property"). Plaintiff RFF Family Partnership LP ("RFF") loaned $1.4 million to defendant Link Development, LLC ("Link") in October, 2007, that was secured by a mortgage on the Property. After defendant defaulted, plaintiff foreclosed upon its mortgage in March, 2010 and initiated this action in June, 2011, seeking a mortgage deficiency payment and breach of contract damages flowing from defendant's failure to honor its obligations under the loan. Defendant counterclaimed for, inter alia, wrongful foreclosure and a mortgage surplus.

I.   **Background**

Following a three-day bench trial, the Court issued its Memorandum of Decision ("the Decision") in February, 2013,

finding that, inter alia, plaintiff held a surplus from the March, 2010 foreclosure sale in the amount of $417,734 but that it should pay that money into escrow because there was at least "one junior lienholder with a valid claim" to that surplus, namely, Desert Pine, LLC. See Docket No. 177, at 23.  The Court also found that defendant had breached its obligations under the loan agreement but directed the parties to brief two outstanding issues so that it could ascertain, more precisely, the amount of damages owed by defendant.

In a Memorandum and Order issued on June 26, 2013 (Docket No. 190, "the Order"), the Court ruled that judgment would enter in favor of plaintiff in the amount of $318,311, resulting from plaintiff's claims for breach of contract, and in favor of defendant in the amount of $417,734, resulting from defendant's claim for surplus from a foreclosure sale conducted by plaintiff. As part of the Order, the Court also allowed defendant's motion to dissolve the preliminary injunction restraining defendant from accessing funds believed to constitute its sole asset.  The Court entered judgment in accordance with its Order on June 28, 2013.

On the same day that judgment entered, plaintiff filed an emergency motion seeking clarification of the Order pursuant to Fed. R. Civ. P. 60(a).  More specifically, plaintiff asks the Court to clarify whether it has determined that defendant is the proper recipient of the surplus, and, if not, to reimpose the

preliminary injunction to prevent defendant from accessing its sole asset.  The Court heard argument on the motion in July, 2013 and took the matter under advisement.

## II.  Analysis

For the reasons that follow, the Court concludes that there may be a lienholder with a superior claim to the surplus from plaintiff's foreclosure sale conducted in March, 2010 but that result does not require reinstatement of the injunctive relief sought by plaintiff.

### A.   Standard of Review

Fed. R. Civ. P. 60(a) provides that a court may "correct a clerical mistake or a mistake arising from oversight or omission" in a judgment, order, or other part of the record.  Such a motion is appropriate when "the judgment failed to reflect the court's intention" but not when the correction would alter the "deliberate choice of the district judge." Bowen Inv., Inc. v. Carneiro Donuts, Inc., 490 F.3d 27, 29 (1st Cir. 2007) (internal quotations and citations omitted).

### B.   Disposition of the Surplus Proceeds

The inconsistency between the Memorandum of Decision, ordering plaintiff to pay the surplus funds into escrow pending a determination of to whom they are owed, and the Order, directing plaintiff to pay those funds to defendant, results from an oversight by the Court and did not reflect a finding that

-3-

defendant was entitled to the surplus proceeds.  Plaintiff will therefore be directed to pay the surplus proceeds into escrow (<u>not</u> to be held by this Court) pending a determination, in another forum if necessary, of the appropriate recipient of those funds because the Court cannot conclude, on the record before it, that defendant is or is not so entitled.

### 1.  Law

Under Massachusetts law, the surplus proceeds of a foreclosure sale by a senior mortgagee pass by "equitable lien" to junior lienholders. <u>Perry</u> v. <u>Blum</u>, 629 F.3d 1, 14-15 (1st Cir. 2010) (citing <u>First Colonial Bank for Sav.</u> v. <u>Bergeron</u>, 646 N.E.2d 758, 759 (Mass. App. Ct. 1995)).  The foreclosing party becomes the trustee of those surplus funds for the benefit of the junior mortgagees. <u>First Colonial Bank for Sav.</u>, 646 N.E.2d at 759.

Priority among the lienholders is ordinarily determined by the principle of "first in time is first in right." <u>Horizon Bank & Trust Co.</u> v. <u>Flaherty</u>, 309 F. Supp. 2d 178, 199 (D. Mass. 2004) (citation omitted).  Lienholders whose interests are senior to the foreclosing party, of course, maintain their claims upon the foreclosed property and therefore have no claim to the junior foreclosure surplus. <u>See</u> <u>United States</u> v. <u>Olsen</u>, 515 F.2d 1269, 1271 (1st Cir. 1975) (citing cases); <u>see</u> <u>also</u> Restatement (Third) of Property (Mortgages), § 7.4 cmt. c (1997).

-4-

2.   **Application**

The primary issue litigated in this action was the amount of defendant's debt at the time of the March, 2010 foreclosure sale of the Property.  Although the Court found that the subject sale resulted in a surplus, defendant neglected to argue, specifically, that it was entitled to those surplus proceeds, an omission that is especially important because the evidence introduced at trial revealed four apparent liens on the Property at the time plaintiff foreclosed upon its mortgage in March, 2010.  In order of their creation, those liens were:

> (1) a mortgage executed in August, 2005 in favor of Desert Pine, LLC and in the amount of $2 million;
>
> (2) a mortgage executed in September, 2006 in favor of Desert Palm, LLC and in the amount of $2 million;
>
> (3) a mortgage executed in September and October, 2006 in favor of BD Lending Trust and in the amount of $700,000; and
>
> (4) an attorneys' lien granted in December, 2009 in favor of Russell and Associates, LLC and in the amount of approximately $645,000.

Accordingly, two of those liens could be "junior" to plaintiff's mortgage: Desert Pine LLC, because defendant Jeffrey Karll signed an agreement on behalf of that entity subordinating the subject mortgage to plaintiff's mortgage; and the attorneys' lien in favor of Russell and Associates, which was created upon the Property after plaintiff's mortgage.  With respect to the former, although that subordination agreement was not, to this Court's

knowledge, recorded, at the hearing on the instant motion defendant Karll, purportedly acting on Desert Pine's behalf, stated that he intended to assert Desert Pine's claim to the surplus proceeds.

In light of that evidence and the prevailing case law stating that the foreclosing mortgagee holds surplus proceeds in trust for any junior mortgagees, the Court finds it prudent to permit plaintiff to commence a separate proceeding to determine the appropriate recipient of the surplus proceeds or to negotiate a resolution of that issue with all interested parties. Although the Court is reluctant to encourage further litigation in this endless dispute, it would be unfair to expose plaintiff to the risk of a further suit for breach of fiduciary duty on account of defendant's failure to establish its claim to the surplus proceeds.

Finally, although further proceedings may be necessary, the Court makes no finding as to the validity of any of the denoted potential liens.  In fact, the record raises questions as to whether the claim of Desert Pine, LLC is valid.  First, it is unclear whether Desert Pine, LLC and Desert Palm, LLC are actually separate entities or are, in fact, the result of a scrivener's error.  At trial, and at the hearing held to resolve the instant motion, the parties confused the two and, in February, 2009 when defendant Karll purported to assign the

Desert Pine, LLC mortgage to Russell and Associates as security
for legal services rendered, the assigning document referred to
"Desert Pine, LLC sometimes known as Desert Palm, LLC".

Furthermore, Attorney Sojcher, who defendant Link sued for
fraud in state court on the basis of the BD Lending Mortgage that
he executed and later amended during September and October, 2006,
also executed and recorded the Desert Palm, LLC mortgage at
roughly the same time.  Although it is not inconceivable that
Attorney Sojcher had authority to execute the Desert Palm, LLC
mortgage on behalf of Link, that proposition is suspect
considering that defendant Link has contended all along that
Attorney Sojcher lacked authority to execute the BD Lending
Mortgage.

### B.  Injunctive Relief

Although the foreclosure surplus that plaintiff may owe to
defendant will not necessarily off-set the damages awarded to
plaintiff from defendant at this time, the Court declines to
enforce injunctive relief as plaintiff requests.  This Court
granted a preliminary injunction in July, 2011 in order to
preserve the status quo until the case was decided on the merits.
See Docket No. 11, at 2.  That goal has been achieved.  The Court
has determined the extent of defendant's liability to plaintiff
and, upon entry of judgment, plaintiff is entitled to those
damages.  Accordingly, to continue the enforcement of that

injunctive relief is inappropriate. Cf. Teradyne, Inc. v. Mostek Corp., 797 F.2d 43, 53 (1st Cir. 1986) (citing cases for proposition that preliminary injunction may issue to protect damages remedy pending determination of liability and extent of such damages).

### ORDER

In accordance with the foregoing,

1) plaintiff's emergency motion for clarification (Docket No. 193) is, with respect to the appropriate recipient of the surplus, **ALLOWED**, but, with respect to its request for reinstatement of the preliminary injunction, **DENIED**;

2) the injunction restraining defendant's access to its state court settlement proceeds is dissolved;

3) plaintiff is directed to hold the surplus proceeds in escrow and, within 120 days of the entry of judgment, either to initiate a proceeding in a forum of competent jurisdiction to determine the rightful ownership of the surplus, or otherwise to reach a resolution of the same by agreement among all interested parties;

4) plaintiff is entitled to execution of its judgment against the defendant in the amount of $318,311; and

5) judgment entered on June 28, 2013 is hereby revoked and an amended judgment will enter accordingly.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 2, 2013