United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| RFF FAMILY PARTNERSHIP, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 11-10968-NMG |
| LINK DEVELOPMENT, LLC, JEFFREY KARLL, STEVEN A. ROSS, in his capacity as Trustee of the BD LENDING TRUST, and RUSSELL AND ASSOCIATES LLC, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

The Court and the various parties are well-versed in this interminable real estate dispute. Now pending before the Court is a motion for sanctions filed by plaintiff RFF Family Partnership, LP ("RFF") against defendant Steven A. Ross ("Ross"), in his capacity as Trustee of the BD Lending Trust ("BD Lending"). RFF seeks to have sanctions imposed against Ross personally for the continuing failure of BD Lending to discharge a commercial mortgage ("the BD Mortgage").

The Court declines to rehearse the extensive factual background and procedural history of this complex litigation. Of importance here is the fact that, in September, 2014, this Court held defendant BD Lending Trust in contempt for its

failure to discharge the BD Mortgage in compliance with an earlier Order of this Court.[1]

While BD Lending has undoubtedly failed to comply with the Order directing it to discharge the BD Mortgage, and is consequently in contempt, the Court elects not to impose a monetary sanction against BD Lending at this time. See Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 77 (1st Cir. 2002) (noting that district courts have "wide discretion" when choosing contempt sanctions). The parties agree in their memoranda that BD Lending is insolvent and unable to pay any amount of sanctions awarded to RFF. This Court will not, therefore, engage in the futile exercise of imposing meaningless sanctions. Instead, the contempt order against BD Lending will remain in place, subject to a renewed motion for sanctions if and when BD Lending acquires assets.

With respect to RFF's request that the Court impose sanctions against Ross individually, the Court notes that Ross was not sued in his individual capacity in this case and is therefore not a proper party against whom sanctions can be imposed.[2]

---

[1] The subject Order dealt not only with RFF's motion for contempt in this suit but also with a litany of pending motions in a related case, 14-cv-10065-NMG ("the 2014 Federal Case").
[2] Ross was, however, sued in his individual capacity in the 2014 Federal Case and a jury found him personally liable for the damages it awarded against BD Lending.

Ross and BD Lending are advised that they are not, as a result of the instant ruling, excused from discharging the BD Mortgage in compliance with both the 2012 RFF/BD Lending settlement agreement and prior Orders of this Court.  The Court will entertain a motion for sanctions in that regard as soon as it is deemed practicable.

Accordingly, RFF's motion for sanctions (Docket No. 231) is **DENIED without prejudice**.

**So ordered.**

    /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 6, 2015